**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHAMED ABDULLAH HASSAN, | No. 06-74840 |
| Petitioner, | Agency No. A095-405-793 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| MOHAMED ABDULLAH HASSAN, | No. 07-73583 |
| Petitioner, | Agency No. A095-405-793 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted December 9, 2010[]
San Francisco, California

Before:  SCHROEDER, THOMAS, and GOULD, Circuit Judges.

Mohamed Abdullah Hassan, a native and citizen of Yemen, petitions for review of the decisions of the Board of Immigration Appeals dismissing his appeal of the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture, as well as denying his motion to reopen.

Hassan's asylum application was untimely.  *See* 8 U.S.C. § 1158(a)(2)(B) (requiring filing within one year after arrival).  He contends that his father's death constitutes a changed or extraordinary circumstance excusing his tardy filing.  *See* 8 U.S.C. § 1158(a)(2)(D).  But Hassan asserted essentially the same case for asylum on an earlier application that preceded the death, and he admitted that he had decided to stay in the United States ten months prior to learning of the death. Substantial evidence supports the conclusion that the death was not a changed or extraordinary circumstance that would excuse his untimely filing.  *See Dhital v. Mukasey*, 532 F.3d 1044, 1050 (9th Cir. 2008).  Furthermore, Hassan's unexplained eleven month delay in filing the application after learning of his father's death was not reasonable.  *See Husyev v. Mukasey*, 528 F.3d 1172, 1181

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2008) ("[W]here there is no explanation for the petitioner's delay, [the petitioner's] 364-day wait *after* his lawful nonimmigrant status expired is not a reasonable period." (footnote omitted) (emphasis in original)).  Hassan is not eligible to seek relief on grounds of asylum.

We review for substantial evidence the denial of Hassan's applications for withholding of removal and relief under the Convention Against Torture.  *See Lin v. Holder*, 610 F.3d 1093, 1097–98 (9th Cir. 2010).  Hassan adduced evidence that he had been a member and functionary of the Yemeni socialist party.  But although certain of Hassan's relatives were killed because of political activities, and he showed that he had been the subject of Yemeni criminal investigations, he presented no evidence that he would be specially targeted for persecution on account of his past political activities.  This, together with evidence adduced by the Attorney General that socialist party members are not ordinarily persecuted in Yemen today, constitutes substantial evidence supporting the conclusion that Hassan failed to establish a likelihood of persecution or torture.  *See id*.  "Ordinary prosecution for criminal activity is not persecution 'on account of' a protected ground."  *Id*. at 1097 (citing *Dinu v. Ashcroft*, 372 F.3d 1041, 1043–44 (9th Cir. 2004)).  Nor do past criminal investigations warrant a presumption of future persecution.

Finally, we review the denial of Hassan's motion to reopen for abuse of discretion. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). Hassan's motion was untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (allowing only 90 days for filing motions to reopen). Although Hassan seeks equitable tolling, he has not shown that the tardiness of his motion was caused by his counsel's ineffective representation, rather than his own lack of diligence. *See Socop-Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc) (permitting equitable tolling in only limited circumstances). The BIA, noting that counsel had told Hassan that time was of the essence in filing a motion to reopen, and that this advice had gone unheeded by Hassan, did not err in concluding that Hassan failed to act with due diligence. We conclude the agency did not abuse its discretion in denying his motion to reopen.

**PETITION DENIED.**